UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WILEY, | No. 2:20-cv-1738 KJM CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| R. MASTERSON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On December 3, 2020, the court recommended that this action be dismissed for plaintiff's failure to file an amended complaint. As plaintiff has now filed an amended complaint, the court's December 3, 2020 findings and recommendations will be vacated and the court will screen plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). Under 28 U.S.C. § 1915A(a), the court must dismiss a complaint or portion thereof if the complaint fails to state a claim upon which relief can be granted.

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). In order to "properly exhaust" administrative remedies, the prisoner must generally comply with department procedural

1

1  rules, including deadlines, throughout the administrative process. Jones v. Bock, 549 U.S. 199,
2  218 (2006); Woodford, 548 U.S. at 90-91.

3      At the time of the incidents at issue in this case, administrative procedures with respect to
4  claims brought in this court by California Department of Corrections and Rehabilitation inmates
5  are exhausted once the third level of review is complete. The third level of review constitutes the
6  decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR).
7  Cal. Code Regs. tit. 15, § 3084.7.

8      If an administrative remedy is effectively unavailable to a prisoner, the exhaustion
9  requirement can be excused. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

10     If it is clear from the face of a complaint that the plaintiff has not properly exhausted
11 available administrative remedies, dismissal for failure to state a claim upon which relief can be
12 granted is appropriate. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)

13     Plaintiff presents three claims in his amended complaint. With respect to the first claim,
14 plaintiff admits that he never sought review at the third level of the CDCR grievance process.
15 Plaintiff asserts that this was because of delay at the second level. It appears that plaintiff's
16 grievance was assigned to the second level on December 5, 2019. ECF No. 10 at 7. During
17 processing of the grievance at the second level, plaintiff was informed on six separate occasions
18 that the deadline for responding to the grievance was being extended due to complexity of issues.
19 Id. at 8-13. From plaintiff's amended complaint, it appears that the latest date of completion set
20 by the second level was April 17, 2020. Id. at 13. Plaintiff does not make clear whether the
21 second level review was complete by that date, but plaintiff does not allege that it was not, nor
22 that the second level review was never completed.

23     Nothing suggests plaintiff's grievance was ignored. An explanation for the relatively
24 short delay in the processing of plaintiff's grievance was provided to plaintiff and plaintiff fails to
25 point to anything suggesting that the actions of the reviewer at the second level were
26 unreasonable or violated California laws or regulations in any respect. Furthermore, plaintiff
27 does not have a right under federal law to any particular timeline with respect to the processing of
28 his prisoner grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Based on the foregoing, it is clear plaintiff did not exhaust administrative remedies with respect to his first claim and plaintiff fails to assert allegations which reasonably suggest administrative remedies were effectively unavailable to him. Accordingly, plaintiff's first claim must be dismissed.

It is not clear whether plaintiff ever filed a grievance concerning the allegations in claim 2, but plaintiff admits that he never sought relief at the third level and does not attempt to explain why he failed to do so.

Claim 3 concerns the treatment of the grievance plaintiff submitted as to claim 1. It does not appear that plaintiff ever submitted a grievance with respect to his allegations in claim 3 and again plaintiff fails to explain why he failed to do so.

For all the foregoing reasons, plaintiff's amended complaint must be dismissed in its entirety for failure to exhaust available administrative remedies prior to bringing suit. When the court dismissed plaintiff's amended complaint with leave to amend, plaintiff was informed as follows:

> In his complaint, plaintiff admits he did not complete the third level of review with respect to any of his claims and does not allege specific facts indicating the third level was not available to plaintiff. If plaintiff believes the third level was not available, he must explain with specificity in his amended complaint why not. If the third level was available, plaintiff cannot proceed with his claims.

In light of the information provided to plaintiff upon the dismissal of his original complaint, it does not appear plaintiff can, in good faith, plead facts suggesting he exhausted available administrative remedies prior to bringing suit with respect to the claims presented in his amended complaint. Accordingly, the court will not grant leave to file a second amended complaint and will recommend that this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that the court's December 3, 2020 findings and recommendations are vacated.

/////
/////
/////

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed without prejudice for failure to exhaust available administrative remedies prior to filing suit; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 10, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wile1738.frs